■ ESTATE OF JACLYN SCHUTOWICH et al., Appellants, v ALL-STATE INSURANCE COMPANY, Respondent, et al., Defendant. [621 NYS2d 690] —In an action for a judgment declaring, *inter alia,* that coverage under the supplementary underinsured motorist provision of an automobile insurance policy issued by the defendant Allstate Insurance Company is available to the plaintiffs, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated August 17, 1993, which is in favor of Allstate Insurance Company and against them declaring that the supplementary underinsured motorist coverage provided by the subject insurance policy is not available to them.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that coverage under the supplementary underinsured motorist provision of the subject Allstate Insurance Company policy is available to the plaintiffs, and for further proceedings in accordance with this determination.

The plaintiffs' decedent died as a result of injuries suffered in a collision between the vehicle in which she was riding, which was owned by Robert R. Frost, and a vehicle owned by Nancy M. Sinacore. The Frost vehicle was covered by an automobile insurance policy providing single-limit coverage of $100,000 for property damage and bodily injury combined, while the Sinacore vehicle was covered by a policy providing coverage of $100,000 per person and $300,000 per occurrence

for bodily injury alone. Additionally, at the time of the accident the decedent was covered under a separate automobile insurance policy issued by Allstate Insurance Company (hereinafter Allstate) with bodily injury limits of $100,000 per person and $300,000 per occurrence. That policy also provided for supplementary underinsured motorist coverage (hereinafter SUM). The decedent was also covered by an umbrella policy issued by State Farm Fire and Casualty Company (hereinafter State Farm). The insurers of the Frost and Sinacore vehicles offered to pay the limits of their respective policies to settle all claims arising from the accident. The plaintiffs commenced this action against Allstate and State Farm seeking a declaration that the SUM provisions in those policies had been triggered. The plaintiffs then moved for summary judgment against Allstate and State Farm. Allstate cross-moved for summary judgment dismissing the complaint. After the motion had been submitted and decided but before judgment had been entered, the insurers of the Frost and Sinacore vehicles, as well as State Farm, reached a settlement with the plaintiffs.

In its decision dated May 17, 1993, the Supreme Court held that since the decedent was the only claimant under the Allstate policy, the applicable limit of that policy was $100,000, the same as the limit of the Frost policy. Further, in reliance upon *Matter of Commercial Union Ins. Co. (Raymond)* (172 AD2d 988) the court held that the single limit of $100,000, available for both property damage and personal injury claims under the Frost policy, was not to be reduced to account for the minimum $5,000 property damage insurance required under New York law. The Supreme Court reasoned that the Allstate and Frost policies provided equal limits for coverage of bodily injury claims and therefore, the SUM coverage under the Allstate policy was not triggered. In a judgment dated August 17, 1993, the Supreme Court declared that coverage under the SUM provision of the Allstate policy was not available to the plaintiffs. The judgment must be reversed, however, in light of the recent Court of Appeals decision in *Matter of Prudential Prop. & Cas. Co. v Szeli* (83 NY2d 681).

In *Matter of Prudential Prop. & Cas. Co. v Szeli (supra)*, the Court of Appeals held that the proper method to determine whether SUM coverage is available, pursuant to Insurance Law § 3420 (f) (2), is to compare the total coverage available under each policy for payment of bodily injury claims. Further, when comparing a policy which contains separate limits

for bodily injury claims to a policy which contains a combined limit for both property damage and bodily injury claims, even where there are no property damage claims, the court must reduce the coverage available under the combined limit policy to account for at least the minimal amount of property damage insurance required under New York law *(Matter of Prudential Prop. & Cas. Co. v Szeli, supra,* at 687).

The Frost policy did not provide bodily injury coverage equivalent to that provided under the Allstate policy. Therefore, pursuant to *Matter of Prudential Prop. & Cas. Co. v Szeli (supra),* the coverage provided under the SUM provision of the Allstate policy is available to cover the decedent's claims.

We note that although the Sinacore insurance policy provided bodily injury coverage identical to the Allstate policy, our conclusion remains the same. Under Insurance Law § 3420 (f) (2), SUM coverage is available "if the limits of liability under all bodily injury liability bonds and insurance policies of *another* motor vehicle liable for damages are in a lesser amount than the bodily injury liability limits of coverage" provided by the Allstate policy (emphasis added). Thus, because the Frost policy provided bodily injury coverage which was less than the bodily injury coverage provided by the Allstate policy, SUM coverage is available to the plaintiffs *(see, Passaro v Metropolitan Prop. & Liab. Ins. Co.,* 128 Misc 2d 21, *affd* 124 AD2d 647). O'Brien, J. P., Altman, Goldstein and Florio, JJ., concur.