OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.
Insurance Law § 3420 (f) (2) provides that supplemental uninsured motorist insurance — known colloquially as underinsurance — is available "if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy” (emphasis added). Under this definition, a tortfeasor is "underinsured” if the limits of his or her liability for bodily injury are less than the amount of corresponding insurance purchased by the injured insured (Matter of Prudential Prop. & Cas. Co. v Szeli, 83 NY2d 681, 684).
As a condition precedent to payment of underinsurance, "the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements” (Insurance Law § 3420 [¶] [2]). Where plaintiff was a passenger injured in a two-vehicle accident, the question arises whether exhaustion of the limits of liability of all policies held by both tortfeasors is required before the underinsurance coverage in plaintiff’s policy is available.
We conclude that the exhaustion requirement of section 3420 (f) (2) relates back to the statute’s reference to "another motor vehicle” and indicates that the proper focus is on the underinsured status of each individual tortfeasor.* Nothing in the statutory language or the policy providing underinsurance at *855 issue here notifies the insured plaintiff that aggregation of the limits of liability held by multiple tortfeasors is a prerequisite to recovery of underinsurance.
Applying these principles, plaintiff, who was injured when the car in which she was riding collided with another vehicle, was entitled to seek underinsurance payments as a covered insured under a policy issued by defendant where one of the offending vehicles was underinsured, and the limits of liability on that vehicle had been exhausted by settlement. The second tortfeasor was not "underinsured,” since the limits of liability on that vehicle were equal to the limits of liability under the policy covering plaintiff. Thus, that adequately insured party’s bodily injury liability coverage should not have been considered to defeat plaintiff’s claim for underinsurance based on the status of the underinsured driver. Accordingly, the Appellate Division erred in denying plaintiff’s motion for summary judgment that she is entitled to seek underinsurance payments under the policy issued by defendant and in granting defendant’s cross motion to dismiss plaintiff’s complaint.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in a memorandum.
Order reversed, etc.

 In 1992, the Insurance Department promulgated Regulation 35-D (see, 11 NYCRR subpart 60-2 et seq.), to assist in interpreting Insurance Law § 3420 (f) (2). Although by its terms the regulation applies only to insurance policies issued or renewed on or after October 1,1993, and thus has no direct application to the case before us, we note that regulation 60-2.3 (e) (prescribed Supplementary Uninsured Motorists Endorsement, Conditions para [9]) provides that the condition precedent to payment is satisfied when the limits of liability "in regard to any one person who may be legally liable for the bodily injury sustained by the insured” (emphasis added) are exhausted.