■ In the Matter of YOLANDA POLESKY et al., Respondents, v GEICO INSURANCE COMPANY, Appellant. [661 NYS2d 639] —In a proceeding pursuant to CPLR article 75 to compel arbitration of an underinsurance claim in which GEICO Insurance Company cross-petitioned to permanently stay arbitration, the appeal is from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 8, 1995, which granted the petition, denied the cross petition, and directed the appellant to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the cross petition is granted to the extent of staying arbitration until such time as the petitioners accept payment from the primary insurer.

The petitioners were injured when their vehicle, which was insured by the appellant GEICO Insurance Company (hereinafter GEICO), was involved in an accident with three other motor vehicles. They obtained a settlement offer from one of the offending vehicle's insurers (whose policy limits were concededly less than those in GEICO's policy), and then sought to arbitrate an underinsurance claim before they accepted the

offer. The Supreme Court granted their petition to compel arbitration and denied GEICO's cross-motion to stay arbitration.

Contrary to GEICO's contentions, the petitioners were not required to first exhaust the aggregate of the liability policies covering all three of the offending vehicles before proceeding with their underinsurance claim *(see, S'Dao v National Grange Mut. Ins. Co.,* 87 NY2d 853). However, pursuant to Insurance Law § 3420 (f) (2), as well as the policy GEICO issued to the petitioners, the petitioners were required to "exhaust[ ] by payment" the limits of the particular tortfeasor's policy that they were using as a comparison in support of their claim of underinsurance *(see, Matter of Federal Ins. Co. v Watnick,* 80 NY2d 539, 546; *Andriaccio v Borg & Borg,* 198 AD2d 253). Having failed to accept the other insurer's settlement offer, the petitioners' underinsurance claim was premature and the cross petition should have been granted to the extent of staying arbitration until such time as the petitioners accept payment from the primary insurer.

The appellant's remaining contentions are either lacking in merit or academic. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.