■ In the Matter of the Arbitration between Travelers Insurance, Appellant, and Huando Torres et al., Respondents. [665 NYS2d 86] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered June 3, 1996, which denied petitioner insurer's application to stay arbitration of respondents' underinsured motorist claims, unanimously modified, on the law and the facts, to temporarily stay such arbitration and all disclosure therein pending resolution of respondents' personal injury actions, and otherwise affirmed, without costs.

Respondents' notice of their intent to seek underinsured motorist benefits was not untimely, where they first became aware of the amount of other available coverage not long before they served the notice, in the course of presenting their personal injury actions. The uninsured portion of petitioner's policy does not specifically set forth any time limits for the giving of such notice, and petitioner had timely notice of the accident and was able to conduct an investigation (*see, Lumbermens Mut. Cas. Co. v Schrem,* 227 AD2d 280). Nor is there merit to petitioner's claim that respondents' demand for arbitration did not adequately state the nature of the controversy. However, since the availability of underinsured benefits depends upon the exhaustion of "every last dollar" payable under any applicable bodily injury liability policy (*Matter of Federal Ins. Co. v Watnick,* 80 NY2d 539, 546), and since the issue of such exhaustion cannot be determined until respondents' personal injury actions have been resolved, we modify to temporarily stay the arbitration, and any disclosure therein, pending resolution of the personal injury actions, a result to which the respondents consent. Concur—Milonas, J. P., Rosenberger, Nardelli and Mazzarelli, JJ.