■ In the Matter of CONTINENTAL INSURANCE COMPANY, Respondent, v DANIELLE RICHT, Appellant. [677 NYS2d 634] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered April 21, 1997, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

On June 30, 1989, a car driven by Paul Strohrmann collided with a car driven by Paul Oliva. Danielle Richt, a passenger in Strohrmann's car, was injured in the collision. Strohrmann's insurance policy had a limit of $10,000/$20,000, and Oliva's insurance policy had a limit of $250,000/$300,000. Richt, who was 14 years old at the time of the accident, was covered by her parent's insurance policy with the petitioner, Continental Insurance Company (hereinafter Continental). That policy included uninsured/underinsured motorist coverage with a limit of $500,000.

Richt sued Strohrmann and Oliva for negligence, and on September 17, 1996, the jury returned a verdict finding Strohrmann 100% at fault in the happening of the accident. On October 8, 1996, Richt filed a demand for arbitration seeking benefits under the uninsured/underinsured motorist provision of Continental's insurance policy, and Continental commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration. The Supreme Court granted the petition and stayed the arbitration, finding that Richt's arbitration demand was barred by the Statute of Limitations.

Generally, a demand for arbitration is subject to a six-year Statute of Limitation (see, CPLR 213), which begins to run "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court" (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175). Stated another way, "a claimant's cause of action does not accrue until it possesses the legal right to be paid and to enforce its right to payment in court" (City of New York v State of New York, 40 NY2d 659, 668).

With regard to an underinsurance claim, Insurance Law § 3420 (f) (former [2]) states, in pertinent part, "[a]s a condition precedent to the obligation of the insurer to pay under the supplementary uninsured/underinsured motorist insurance coverage, the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgment or settlement" (see also, S'Dao v National Grange Mut. Ins. Co., 87 NY2d 853; Matter of Federal Ins. Co. v Watnick, 80 NY2d 539; Matter of Travelers Ins. [Torres], 245 AD2d 82; Andriaccio v Borg & Borg, 198 AD2d 253; Westchester Fire Ins. Co. v Imperiale, 157 Misc 2d 721). Thus, Richt's right to payment under the underinsurance coverage with Continental did not accrue until after payment

of the policy limits of the underinsured vehicle, which did not occur until after a judgment was obtained against Strohrmann. Therefore, Richt's demand for arbitration on October 8, 1996, was not barred by the Statute of Limitations.

Although the dissent correctly notes that "[t]he facts necessary for determination of an underinsured motorist claim, as with an uninsured motorist claim, are [generally] those existing on the date of the accident, that is, the insurance coverage available to each vehicle or injured party, the fault of the motorists in the happening of the accident and the damages suffered" (*infra*, at 821), this does not address the central question, which is when the cause of action accrues and the Statute of Limitations begins to run. Unlike an uninsured motorist situation, which does not contain an exhaustion requirement such as that contained in Insurance Law § 3420 (f) (former [2]), an insured's right to payment pursuant to an underinsurance claim does not accrue until after the underinsured motorist's insurance has been exhausted by payment.

The dissent also correctly states that "[a] statutory condition precedent * * * is not the same as a statutory stay of a Statute of Limitations". (*Infra*, at 821.) However, when the condition precedent creates the right to payment, and without its satisfaction no right to payment exists, then the condition precedent necessarily determines when the cause of action accrues and, ipso facto, when the Statute of Limitations begins to run (*see, e.g., City of New York v State of New York, supra*). With regard to an underinsured motorist claim, the insured's right to payment does not accrue until the underinsured motorist's insurance has been exhausted by payment. Therefore, that is when the insured's cause of action accrues and when the Statute of Limitations begins to run. Miller, J. P., Pizzuto and Friedmann, JJ., concur.

O'Brien, J., dissents and votes to affirm the judgment, with the following memorandum: Contrary to my colleagues, I conclude that the six-year Statute of Limitations on a demand for arbitration of an underinsured motorist claim commences to run on the date of the accident. The appellant's demand for arbitration in October 1996, more than six years after the accident, was therefore untimely. Accordingly, I would affirm the judgment which granted the petition for a permanent stay of arbitration.

It is well settled that since the claim asserted in arbitration exists solely by reason of the coverage provided by the insurance policy, a claim for arbitration is governed by the six-year contract Statute of Limitations (*see, Matter of De Luca*

*[MVAIC]*, 17 NY2d 76). The question is when that six-year period commences to run. In cases involving an uninsured motorist claim, the six-year Statute of Limitations begins to run on the date of the accident or from the time when subsequent events render the offending vehicle "uninsured" (*see, Matter of De Luca [MVAIC], supra; Matter of Allstate Ins. Co. v Torrales*, 186 AD2d 647; *Matter of Allstate Ins. Co. v Giordano*, 108 AD2d 910, *affd* 66 NY2d 810). I find no compelling reason to establish a different commencement date where the claim is for underinsured motorist benefits.

Under the terms of the appellant's insurance policy, the issues subject to arbitration on either an uninsured or underinsured motorist claim are (1) the amount of damages and (2) whether the insured is legally entitled to recover damages. The phrase "legally entitled" denotes "fault" (*see, Matter of De Luca [MVAIC], supra*, at 81). The facts necessary for determination of an underinsured motorist claim, as with an uninsured motorist claim, are those existing on the date of the accident, that is, the insurance coverage available to each vehicle or injured party, the fault of the motorists in the happening of the accident and the damages suffered. An underinsurance claim is available if the policy limits of the tortfeasor's vehicle are less than the policy limits of the injured party's own insurance coverage (*see, Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681; *Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951).

Insurance Law § 3420 (f) (former [2]) (now Insurance Law § 3420 [f] [2] [A]) provides that at the option of the insured, an automobile liability policy may provide underinsured motorist coverage. That section further provides that, as a condition precedent to an insurer's duty to pay underinsured motorist benefits, the insured must exhaust by payment or settlement the limits of all applicable bodily injury insurance. My colleagues treat the exhaustion provision in Insurance Law § 3420 (f) (former [2]) as, in effect, staying commencement of the Statute of Limitations period for the arbitration of an underinsured motorist claim. A statutory condition precedent, however, is not the same as a statutory stay of a Statute of Limitations (*cf., Pilgrim v New York City Tr. Auth.*, 235 AD2d 527).

A condition precedent to arbitration such as that contained in Insurance Law § 3420 (f) (former [2]) is a "precondition to access to the arbitral forum" (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7; *see also, Matter of Board of Educ. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854, 855). Therefore, a reluctant party may be forced to proceed to

arbitration only if a court determines that the condition precedent has been complied with (see, *Matter of County of Rockland [Primiano Constr. Co.], supra*, at 7-8).

Insurance Law § 3420 (f) (former [2]) benefits the insurer in that it is not required to pay any underinsured motorist benefits unless the insured has exhausted all other sources of payment. If the insured has not satisfied this condition, the insurer can obtain a judicial stay of arbitration on the ground that a condition precedent has not been satisfied (see, *Matter of Federal Ins. Co. v Watnick*, 80 NY2d 539). It is therefore incumbent upon the insured to take whatever steps are necessary to satisfy this statutory condition precedent, which is, in effect, incorporated into the contract of insurance, before the Statute of Limitations expires. Under the majority's decision, a claimant could unilaterally forestall commencement of the limitations period indefinitely while claims against other insurers were being determined.

A determination that the Statute of Limitations for arbitration of an underinsured motorist claim commences to run on the date of the accident provides consistency in this area of insurance law while at the same time imposing no hardship on the insured. In the case at bar, it was apparent simply from a comparison of the subject insurance policies on the date of the accident that Richt, who was a passenger in one of the vehicles, had a viable underinsured motorist claim under her parents' insurance policy. There was no reason whatsoever why the demand for arbitration could not have been made within the six-year period of limitation. In the rare case where there may be a danger that the Statute of Limitations may expire before the insured can satisfy the condition precedent by obtaining payment or settlement from other sources, the insured has a very simple remedy, which is to file a timely demand for arbitration prior to expiration of the Statute of Limitations and secure a stay of arbitration until the condition precedent can be met (see, e.g., *New York Tel. Co. v Speciner*, 55 NY2d 1002; *Matter of Travelers Ins. [Torres]*, 245 AD2d 82; *Matter of Polesky v GEICO Ins. Co.*, 241 AD2d 551).