In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v DAYLE O. WHITE, Appellant. [691 NYS2d 134] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order of the Supreme Court, Westchester County (Rosato, J.), entered December 17, 1997, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

The appellant was a passenger in a car owned by Beverly J. Turci which was insured by the petitioner New York Central Mutual Fire Insurance Company (hereinafter New York Central) with a single-limit liability insurance of $300,000 per accident and supplemental uninsured motorist insurance of $300,000 per accident for both bodily injury and property damage. The Turci vehicle was involved in an accident with a vehi-

cle, owned by Genevieve Gray, which was insured by State Farm Insurance Company (hereinafter State Farm) and carried an insurance policy with split liability limits of $100,000 per person and $300,000 per accident for bodily injury. State Farm paid $100,000 to the appellant and $5,000 each to two other passengers in the Turci vehicle. The appellant then sought benefits under the supplemental uninsured motorist endorsement to the policy issued by New York Central.

The policy provision at issue defined a vehicle as uninsured when, *inter alia*,

"(3) There is a bodily injury liability insurance coverage or bond applicable to such motor vehicle at the time of the accident, but:

"(i) The amount of such insurance coverage or bond is less than the third party bodily injury liability limit of this policy; or

"(ii) The amount of such insurance coverage or bond has been reduced, by payments to other persons injured in the accident, to an amount less than the third party bodily injury liability limit of this policy".

The appellant correctly asserts that in order to determine whether or not the Gray vehicle was underinsured under the circumstances present here, the $10,000 paid to the other persons injured in the accident must be deducted from the total coverage under the policy covering the Gray vehicle, in this case $300,000, prior to making the required comparison of the policies. Making such a deduction leaves the Gray vehicle with only $290,000 in available coverage, which is less than the $300,000 provided under the single limit policy covering the Turci vehicle, the vehicle the appellant was in. Thus, the appellant is entitled to supplementary uninsured motorist benefits in an amount to be determined after arbitration proceedings as prescribed by the insurance policy.

Contrary to the New York Central's contention, *Matter of Prudential Prop. & Cas. Co. v Szeli* (83 NY2d 681) is not controlling. First, the policy in that case did not contain the provision at issue here. It only contained. language tracking that required by the statute. Thus, the issue presented here was never decided. Second, the Court of Appeals noted that it was not addressing the issue of what would be the effect of the new Insurance Department regulation 35-D (11 NYCRR 60-2.3 *et seq.*) on the availability of underinsurance coverage where other claims have been paid (*Matter of Prudential Prop. & Cas. Co. v Szeli, supra*, at 686, n 2). The policy here, although not required by either statute or regulation, contains the same

language as mandated by regulation 35-D, and it is that language which is relied upon by the appellant herein. As noted above, that language requires that the insurer subtract the amounts paid to other injured parties by the tortfeasor before making a comparison of the policy limits to determine whether or not the tortfeasor's vehicle was underinsured. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.