■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v GEORGE CHARNO, Appellant. [714 NYS2d 309] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the appeal is from a judgment of the Supreme Court, Nassau County (Adams, J.), dated December 13, 1999, which granted the petition and permanently stayed the arbitration.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The claimant was injured in an accident which involved an underinsured motorist. The monetary limits applicable to the bodily injury liability protection which covered that underinsured motorist were exhausted by settlement. Under these circumstances, the claimant is entitled to pursue his underinsured motorist claim. The Supreme Court erred in taking into account the payments received by the claimant from the insurer for a second, adequately insured, tortfeasor involved in the accident. "[T]hat adequately insured party's bodily injury liability coverage should not have been considered to defeat plaintiff's claim for underinsurance" (*S'Dao v National Grange Mut. Ins. Co.,* 87 NY2d 853, 855; *see also, Matter of Polesky v*

*GEICO Ins. Co.,* 241 AD2d 551; *Matter of Nationwide Ins. Co. v Freehill,* 224 AD2d 532; *Estate of Schutowich v Allstate Ins. Co.,* 211 AD2d 747; *Passaro v Metropolitan Prop. & Liab. Ins. Co.,* 128 Misc 2d 21, *affd* 124 AD2d 647). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.