Defendant's suppression motion was properly denied. Defendant was lawfully arrested on the basis of a sufficiently specific description, and there was no necessity for the undercover officer's radio transmission to spell out defendant's role in the sale (*People v Acevedo*, 179 AD2d 465, *lv denied* 79 NY2d 996).

Defendant's claim that his motions for release from pretrial custody made pursuant to CPL 30.30 (2) were improperly denied is moot (*People ex rel. Chakwin v Warden*, 63 NY2d 120).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.

■ In the Matter of DANIEL LEFTWICH, Appellant, v TRAVELERS INDEMNITY COMPANY, Respondent. [718 NYS2d 300] —Order, Supreme Court, New York County (Emily Goodman, J.), entered November 4, 1999, which denied petitioner insured's application to compel respondent insurer to arbitrate his claim for supplementary underinsured motorist coverage (SUM coverage), and granted respondent's cross motion to permanently stay arbitration, unanimously affirmed, without costs.

Arbitration was properly stayed in view of the express, unambiguous terms of petitioner's automobile insurance policy that all amounts paid to him by persons jointly and severally liable for a covered injury, as well as amounts paid to him on account of any such injury under any workers' compensation law, were to be offset against the $500,000 SUM coverage available to him under the policy (*cf., S'Dao v National Grange Mut. Ins. Co.*, 87 NY2d 853, 854-855). Since, in connection with the accident, petitioner has received in excess of $1.4 million from two tortfeasors and workers' compensation benefits, his SUM coverage has been fully offset. The regulations interpreting Insurance Law § 3420 (f) (2) on which petitioner relies were

promulgated after the effective date of his policy and the date of the accident, and therefore do not avail him (*see, id.*, at 854, n). We have considered petitioner's other arguments and find them unpreserved and otherwise unavailing. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.