■ In the Matter of Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and PAUL SCHELTER et al., Respondents. [720 NYS2d 685] —Order unanimously reversed on the law without costs and petition granted. Memorandum: Supreme Court erred in denying the petition seeking a permanent stay of arbitration. Paul Schelter (respondent) was injured in a motor vehicle accident in February 1992, and in January 1994 respondents settled their action against the driver of the other vehicle involved in the accident for the policy limit of $10,000. At that time, petitioner and respondents commenced negotiations to settle respondents' claim for supplemental underinsured motorist (SUM) benefits. Negotiations continued until October 1999, when petitioner advised respondents' attorney that it would not settle the claim because the Statute of Limitations had expired in February 1998. In fact, however, the Statute of Limitations had not yet expired. In April 2000 respondents served a notice of intention to arbitrate, and petitioner sought a permanent stay of arbitration on the ground that the Statute of Limitations had run.

Respondents concede on appeal that the Statute of Limitations on their notice of intention to arbitrate expired in January 2000, six years after their claim for SUM benefits accrued (*see, Matter of Continental Ins. Co. v Richt*, 253 AD2d 818, 819-

820, *lv denied* 93 NY2d 805; *Matter of Allstate Ins. Co. v Torrales,* 186 AD2d 647, 648). They contend, however, that petitioner is equitably estopped from asserting that defense because it intentionally extended negotiations until after October 1999, well past the February 1998 date given by petitioner to respondents' attorney as the date on which the Statute of Limitations expired. " 'It is the rule that [petitioner] may be estopped to plead the Statute of Limitations where [respondents were] induced by fraud, misrepresentations or deception to refrain from [serving a timely demand for arbitration]' " (*Murphy v Wegman's Food Mkt.,* 140 AD2d 973, 974, *lv denied* 72 NY2d 808, quoting *Simcuski v Saeli,* 44 NY2d 442, 448-449). "To be entitled to an estoppel, [respondents] must show that by engaging in protracted settlement discussions, [petitioner] intended to lull the [respondents] into inactivity and to induce [respondents] to continue negotiations until after the Statute of Limitations had run" (*Murphy v Wegman's Food Mkt., supra,* at 974). Here, the Statute of Limitations had not yet run when petitioner terminated the negotiations in October 1999, and respondents nevertheless failed to serve a notice of intention to arbitrate until April 2000, nearly four months after the actual expiration of the Statute of Limitations. We therefore reverse the order and grant the petition seeking a permanent stay of arbitration. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Arbitration.) Present—Green, J. P., Wisner, Scudder, Burns and Lawton, JJ.