■ In the Matter of ARTHUR BRASCO, Appellant-Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent-Appellant. [724 NYS2d 488] —In a proceeding pursuant to CPLR article 75 to compel arbitration of claims for uninsured and underinsured motorist benefits, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated September 28, 1999, as denied that branch of his application which was to compel arbitration with respect to his claim for underinsured motorist benefits under Policy Nos. 66-31-P404026 and 66-31-P097386 issued by Nationwide Mutual Insurance Company, and Nationwide Mutual Insurance Company cross-appeals from so much of the order as granted that branch of the petitioner's application which was to compel arbitration of his claim for uninsured motorist benefits under Policy No. 66-31-P404026.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petitioner's application which was to compel arbitration of his claim for underinsured motorist benefits under Policy No. 66-31-P404026 and substituting therefor a provision granting that branch of the application; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner, Arthur Brasco, was a passenger in a motor vehicle driven by Michael J. Kentrianakis which collided with

a bus owned by Hausman Bus Sales, Inc. (hereinafter Hausman), in Atlantic City, New Jersey. The bodily injury limit in the Kentrianakis policy was $15,000. The company that issued the Hausman policy became insolvent, and Hausman is therefore considered uninsured under New Jersey law.

The petitioner filed claims for underinsured and uninsured motorist benefits under insurance policies issued by the respondent, Nationwide Mutual Insurance Company, to him and his parents. The respondent denied underinsured benefits on the ground that the petitioner did not exhaust the benefits payable under the policy issued to Kentrianakis. It denied uninsured benefits on the ground that the petitioner did not inform it of the potential claim for uninsured benefits. However, the petitioner received no response from the respondent to numerous letters concerning the settlement of the underinsured motorist claims against Kentrianakis. The respondent is therefore estopped from denying coverage on the failure to exhaust this claim (*see, Matter of Atlantic Mut. Ins. Co. v Cooper,* 247 AD2d 209; *Matter of Allstate Ins. Co. v Sullivan,* 230 AD2d 732; *Matter of Tri-State Consumer Ins. Co. v Hundley,* 208 AD2d 754). Moreover, it is clear that the respondent had notice of the uninsured claim (*cf., Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543).

The Supreme Court correctly found that the petitioner is limited, under the terms of his policy's priority of coverage provision, to the limits of his own policy where the limits of his parents' policy did not exceed those of his own. "The unambiguous language of each policy precludes the stacking of SUM coverage" (*Matter of State Farm Mut. Auto. Ins. Co. [Hill],* 213 AD2d 976, 977). Accordingly, the petitioner may not proceed against his parents' policy for the uninsured motorist claim (*see,* 11 NYCRR 60-2.3; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487). Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.