■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents, v DEIRDRE SPARACIO et al., Appellants. [746 NYS2d 167]

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion for summary judgment; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

On May 12, 1996, the defendant Deirdre Sparacio, among others, was seriously injured in a motor vehicle accident. The tortfeasor's insurance coverage totaled $1,000,000. Allocations were made to various injured persons, including Deirdre Sparacio, who received a settlement of $406,715.78 for her injuries. John Kelly and his wife, Angela Kelly, the parents of Deirdre Sparacio, maintained a $1,000,000 additional umbrella insurance policy with the plaintiff State Farm Fire and Casualty Company (hereinafter State Farm).

Although both policies were for the same amount, State Farm was required by the terms of its own umbrella policy to subtract the amounts paid to other injured parties by the tortfeasor before making a comparison of the policy limits to determine whether the tortfeasor's vehicle was underinsured (*see New York Cent. Mut. Fire Ins. Co. v White,* 262 AD2d 415). The defendants were entitled to seek underinsurance payments as covered insureds as a result of that comparison. Furthermore, the defendants could proceed with their claim against State Farm because the monetary limits on that vehicle had been exhausted by settlement (*see S'Dao v National Grange Mut. Ins. Co.,* 87 NY2d 853; *Matter of Allstate Ins. Co. v Charno,* 276 AD2d 552).

State Farm disclaimed coverage claiming that it received late notice of the claim and that the defendants failed to forward a copy of the summons and complaint in the underlying personal injury action. State Farm brought this action, inter alia, for a judgment declaring that it was not obligated to provide underinsured motorist benefits to either of the defendants. The Supreme Court agreed with State Farm solely on the ground that the summons and complaint in the underlying action had not been provided to it. The court did not determine whether State Farm received timely notice of the claim.

The Supreme Court incorrectly granted the plaintiffs' motion for summary judgment. Failure to serve a copy of the summons and complaint in the underlying personal injury action upon State Farm does not, by itself, relieve State Farm of its obligation. Insurers relying on the late notice of legal action defense are required to show prejudice. The plaintiffs here failed to meet their burden (*see Brandon v Nationwide Mut. Ins. Co.,* 284 AD2d 886, *affd* 97 NY2d 491).

However, the Supreme Court failed to determine the issue of timely written notice of the claim. Pursuant to the policy of insurance, the defendants were required to provide timely written notice of the claim for underinsurance benefits as soon as practical from the date they knew or should have known that the tortfeasor was underinsured (*see Interboro Mut. Indem. Ins. Co. v Callender,* 288 AD2d 474; *Nationwide Ins. Co. v Montopoli,* 262 AD2d 647; *Matter of Allstate Ins. Co. [Dewyea],* 245 AD2d 667). Therefore, the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.