■ Cattaraugus Central School Board of Education, Respondent, v Carol Case Siracuse, AIA, Defendant, and Kirst Construction, Inc., Appellant and Third-Party Plaintiff-Respondent. Tom Greenauer Development, Inc., Third-Party Defendant-Appellant. [747 NYS2d 845] —Appeals from an order of Supreme Court, Cattaraugus County (NeMoyer, J.), entered November 29, 2001, which denied the motions of defendant Kirst Construction, Inc. and third-party defendant for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without

costs, the motions are granted and the complaint against defendant Kirst Construction, Inc. and the third-party complaint are dismissed.

Memorandum: In 1991 plaintiff entered into a contract with Kirst Construction, Inc. (defendant) for the construction of additions and alterations at its junior-senior high school. Defendant subcontracted with third-party defendant for the installation of the septic system at the school. On December 22, 1999, plaintiff commenced this action for breach of contract based upon the allegedly faulty installation of the septic system. Supreme Court erred in denying the motion of defendant for summary judgment dismissing the complaint against it and the motion of third-party defendant for summary judgment dismissing the complaint against defendant and the third-party complaint. Defendant and third-party defendant established that the action, commenced more than six years after completion of the construction work, is untimely (*see* CPLR 213 [2]; *Cabrini Med. Ctr. v Desina,* 64 NY2d 1059, 1061). Plaintiff failed to raise a triable issue of fact whether defendant is equitably estopped from raising the statute of limitations as an affirmative defense. "It is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli,* 44 NY2d 442, 448-449). The ongoing settlement negotiations between the parties are insufficient to warrant an estoppel (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968; *Ashe v Niagara Frontier Transp. Auth.,* 294 AD2d 842), particularly where, as here, such negotiations terminated before the statute of limitations had expired (*see Matter of Allstate Ins. Co. [Schelter],* 280 AD2d 910, 911; *Green v Albert,* 199 AD2d 465, 467). In addition, the alleged misrepresentations of defendant and third-party defendant with respect to the cause of the septic system's failure do not justify an estoppel because plaintiff possessed " 'timely knowledge' sufficient to place [it] under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations" (*McIvor v Di Benedetto,* 121 AD2d 519, 520). Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.