Sclafani v Allstate Ins. Co. (2004 NY Slip Op 24084)

Sclafani v Allstate Ins. Co.

2004 NY Slip Op 24084 [3 Misc 3d 634]

March 19, 2004

Supreme Court, Richmond County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 16, 2004

[*1]
Karen Sclafani et al., Plaintiffs,
v
Allstate Insurance Company, Defendant.
Supreme Court, Richmond County, March 19, 2004

APPEARANCES OF COUNSEL

Zachary & Zachary, P.C., Staten Island, for defendant. Burger & Perrotta, Brooklyn, for plaintiffs.

{**3 Misc 3d at 634} OPINION OF THE COURT

Philip G. Minardo, J.
This is an action by plaintiff insureds to recover underinsurance benefits pursuant to their policy with defendant, Allstate Insurance Company. The claim arises from a motor vehicle accident in which plaintiffs allegedly were injured. Plaintiffs settled their personal injury action against the owner and operator of the other vehicle involved in the collision, and commenced this action following Allstate's alleged refusal to make payment under {**3 Misc 3d at 635}the supplementary uninsured/underinsured motorist coverage provisions of plaintiffs' policy.
Allstate questions the jurisdiction of the court to entertain this action, and moves to dismiss the claim on the ground that, pursuant to the terms of the policy, plaintiffs' sole remedy is arbitration.
The motion raises the issue of the extent of an insured's procedural remedies when there is a disputed claim for supplementary uninsured/underinsured motorists (SUM) endorsement benefits under a motor vehicle liability policy.
To the extent relevant here, the subject policy's SUM provision states that if the plaintiff insureds and Allstate cannot agree on the insureds' right to receive SUM benefits or on the amount of those benefits, then the insureds may demand in writing that the disagreement be settled by arbitration. This policy provision is based upon New York State Insurance Department Regulation 35-D (11 NYCRR 60-2.3 [e]), which sets forth the SUM endorsement provisions required to be included in every motor vehicle liability insurance policy issued or [*2]delivered in this state for a motor vehicle principally garaged or used here.
With an exception not applicable here, section 60-2.3 (f) (Conditions) (12) requires that the SUM endorsement contain the following condition:
"If any insured making claim under this SUM coverage and we [Allstate] do not agree that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we do not agree shall be settled by arbitration, administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Insurance for this purpose."
In essence, Allstate reads this paragraph to provide that if an insured disagrees with the insurer as to the insured's right to recover under the SUM endorsement, or the amount of the recovery, it can accept the amount determined by the insurer or demand arbitration. Plaintiffs read this paragraph to provide that the insured has the option to proceed to arbitration on the SUM claim or, as they have done here, to commence litigation.{**3 Misc 3d at 636}
Although there appears to be no controlling authority interpreting this provision, the court finds persuasive authority to the effect that, when there is a dispute arising under the right of an insured to payment of SUM benefits, or to the amount of those benefits, the insured will always have the right to initiate legal action, or in the alternative, to demand arbitration. Such plenary actions, against an insurer to recover SUM benefits under Insurance Law § 3420 (f) (2) by both the named insured and covered insureds under a policy containing a SUM endorsement, routinely have been prosecuted in the state courts (see e.g. S'Dao v National Grange Mut. Ins. Co., 87 NY2d 853 [1995]; Butler v New York Cent. Mut. Fire Ins. Co., 274 AD2d 924 [3d Dept 2000]).
Nothing in the legislative history of the Insurance Law, the implementing Regulations of the Insurance Department or the resulting language in the parties' contract of insurance should be read as depriving the insured of this remedy.
Insurance Law § 3420 (f) (then designated § 167 [2-a]) was amended in 1977 to provide persons insured under automobile insurance policies in New York the option of purchasing supplementary uninsured motorists insurance (Passaro v Metropolitan Prop. & Liab. Ins. Co., 128 Misc 2d 21, 22 [Sup Ct, Queens County 1985], affd 124 AD2d 647 [2d Dept 1986]). Then, in 1992, the Insurance Department promulgated Regulation 35-D to assist in applying that section (S'Dao v National Grange Mut. Ins. Co., 87 NY2d at 855).
In applying that regulation, and interpreting the policy provision at issue here, the court finds it appropriate to consider as persuasive authority the position taken by the Insurance Department of the State of New York, the administrative agency charged with implementing the Insurance Law.
The Office of the General Counsel of the Insurance Department has issued an informal opinion, dated May 10, 2000, which holds that the insured can decide whether to proceed to arbitration or litigation of its claims under this policy provision (2000 Ops Ins Dept No. I 00-05-10, <www.[*3]ins.state.ny.us/rg005101.htm>). This court (Sangiorgio, J.) has previously held that the option is the insured's, and that the Supreme Court has subject matter jurisdiction of such claims (Parese v Hanover Ins. Co., Sup Ct, Richmond County, Dec. 5, 2001, Index No. 13815/2000).
The court finds the foregoing to be persuasive authority that the current regulations of the Insurance Department and the terms {**3 Misc 3d at 637}of the policy at issue provide a dual procedural remedy to the insureds and that, at their option, they may either demand arbitration or commence a plenary action.
The purpose of underinsured motorist coverage is to allow a form of excess liability insurance coverage after exhaustion of all insurance policies covering the underinsured motor vehicle (Fireman's Fund Ins. Co. v Freda, 156 AD2d 364, 365 [2d Dept 1989]). The court rejects the insurer's attempt to limit that protection through the terms of the subject policy by restricting the insured's options to either accept the insurer's position or demand arbitration. In short, the statute does not confine the insured to "accept or arbitrate," and an insurer may not, by the terms of its policy, limit the remedies available under the SUM endorsement.
As neither the applicable policy provisions nor the underlying Insurance Department regulations mandate arbitration under the circumstances presented here, Allstate's application is denied.
Accordingly, it is ordered that defendant's motion to dismiss this action is denied.