■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v RAYMOND DOHERTY, Respondent. ROBERT S. MELTON et al., Proposed Additional Appellants. [789 NYS2d 55]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, Liberty Mutual Insurance Company appeals, and Robert S. Melton and Progressive Northern Insurance Company, sued herein as Progressive Casualty Company, also appeals, from an order of the Supreme Court, Queens County (Hart, J.), dated February 13, 2004, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the appellants' contention, the underinsured motorist benefits' provision of the petitioner's policy was triggered when the petitioner's insured exhausted, through a settlement, the bodily injury policy limits under the policy of the offending vehicle, which was less than the liability coverage provided under the petitioner's policy (*see* Insurance Law § 3420 [f] [2]; *S'Dao v National Grange Mut. Ins. Co.*, 87 NY2d 853 [1995]). The petitioner's insured was not also required to exhaust the liability coverage limits under a separate policy for the operator of the offending vehicle prior to pursuing a claim for underinsured motorist benefits (*see S'Dao v National Grange Mut. Ins. Co., supra; Matter of Polesky v GEICO Ins. Co.*, 241 AD2d 551, 552 [1997]). Accordingly, the Supreme Court properly denied the petition to permanently stay arbitration of the subject underinsured motorist benefits claim and dismissed the proceeding.

The appellants' remaining contention is without merit. Florio, J.P., Adams, Cozier and Mastro, JJ., concur.