◼ In the Matter of MET LIFE AUTO & HOME, Respondent, v SOLOMON LEONOROVITZ et al., Appellants. [808 NYS2d 310]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated February 7, 2005, as granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 31, 2003, a vehicle operated by the appellant Rachel Leonorovitz and occupied by her husband and four children was involved in a motor vehicle accident, allegedly with an unidentified hit-and-run vehicle. The appellants' vehicle was insured by Government Employees Insurance Company (herein-

after GEICO), which is not a party to this proceeding, under a policy that provided for supplementary uninsured/underinsured motorist benefits (hereinafter SUM benefits) in the amounts of $100,000 per person/$300,000 per accident. GEICO paid the appellants the full policy limits of $300,000 for SUM benefits.

At issue here is the appellants' claim for additional SUM benefits from the petitioner Met Life Auto & Home (hereinafter Met Life) pursuant to a policy issued to the appellant Solomon Leonorovitz on a vehicle not involved in the accident. The Met Life policy provided for SUM benefits in amounts identical to those provided for in the GEICO policy (i.e. $100,000 per person/ $300,000 per accident). Met Life commenced this proceeding for a permanent stay of arbitration of the appellants' claim. The Supreme Court granted the petition based upon the anti-stacking provisions of the Met Life policy which provided, inter alia, that "[i]f an insured is entitled to uninsured motorist coverage or supplementary uninsured/underinsured motorists coverage under more than one policy, the maximum amount such insured may recover shall not exceed the highest limit of such coverage for any one vehicle under any one policy." We affirm.

Contrary to the appellants' contention, the fact that the appellants are claiming SUM benefits from two different policies issued by two different carriers does not mean that the SUM coverage from each policy may be "stacked" to provide additional SUM coverage (see Matter of Brasco v Nationwide Mut. Ins. Co., 283 AD2d 492, 493 [2001]; Dudley v Allstate Ins. Co., 281 AD2d 941 [2001]).

The appellants note that 11 NYCRR 60-2.1 (c) states that "[t]he maximum amount payable under SUM coverage shall be the policy's SUM limit reduced and thus offset by motor vehicle bodily injury liability. . . or bond payments received from, or on behalf of, any negligent party involved in the accident." Further, 11 NYCRR 60-2.3 (f) (I) (c) (3) (ii) defines an "uninsured" motor vehicle as a vehicle insured for bodily injury liability "the amount of [which] has been reduced, by payments to other persons injured in the accident, to an amount less than the third-party bodily injury liability limit" of the policy from which SUM benefits are sought. However, those provisions are not applicable here. Although GEICO paid the GEICO policy limits to persons injured in the accident, those payments were not paid for "third-party bodily injury liability" on behalf of an insured tortfeasor (see State Farm Mut. Auto. Ins. Co. v Sparacio, 297 AD2d 284, 285 [2002]; Matter of New York Cent. Mut. Fire Ins. Co. v White, 262 AD2d 415 [1999]). Since GEICO's payments

were made pursuant to the SUM endorsement in the GEICO policy, no offset is available.

The appellants' remaining contentions are without merit. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.