■ 424 WEST 33rd STREET, LLC, Appellant, v PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., Respondent. [911 NYS2d 46]—

Judgments, Supreme Court, New York County (Alice Schlesinger, J.), entered July 16, 2010, insofar as they denied and dismissed the amended petition to stay arbitration pursuant to CPLR 7503 (b) and granted respondent's cross motion to compel arbitration pursuant to CPLR 7503 (a), unanimously affirmed, without costs. Appeal from the same judgments, insofar as they denied and dismissed the original petition to stay arbitration pursuant to CPLR 7503 (b), unanimously dismissed, without costs, as abandoned.

The court properly denied and dismissed the amended petition to stay arbitration and granted the cross motion to compel arbitration. Contrary to landlord's contention, tenant's right to seek arbitration under the parties' lease is not barred by the statute of limitations (*see Cooper v Bruckner*, 21 AD3d 758, 758-759 [2005]; *see also* CPLR 7503). A demand for arbitration is subject to the six-year statute of limitations (*see* CPLR 213 [1]; *see also Matter of Continental Ins. Co. v Richt*, 253 AD2d 818, 819 [1998], *lv denied* 93 NY2d 805 [1999]). Tenant's right to seek arbitration did not accrue until "all of the facts necessary to the cause of action . . . occurred so that [tenant] would be entitled to obtain relief in court" (*Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175 [1986]).

The subject arbitration clause provides that "[i]f the parties have not agreed on the contents of the Contract or the Condominium Documents by the first anniversary of the date of this Lease, the parties shall select as arbitrator of the disagreement a law firm real estate partner," and that "[i]f the parties are unable to agree on the selection of an arbitrator within 30 days, such arbitrator shall be designated by the American Arbitration Association upon application by either party." Thus, expiration

of the first year of the lease was a condition precedent to invoking the right to arbitration (*see e.g. Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7-8 [1980]), but the clause did not require that a party seek arbitration immediately following the expiration of one year from the date of execution of the lease if there was no dispute between the parties over a specific term of the contract they were negotiating. Such a construction of the arbitration clause is consistent with general principles of contractual interpretation because it gives fair meaning to all of the language employed by the parties in light of the obligation as a whole, and results in a practical interpretation of the parties' expressions so that their reasonable expectations will be realized (*see Strong v Dubin*, 75 AD3d 66, 68-69 [2010]; *Sassi-Lehner v Charlton Tenants Corp.*, 55 AD3d 74, 80 [2008]).

Accordingly, all of the facts necessary to the cause of action such that tenant would be entitled to relief in court did not occur, and thus the claim did not accrue, until there existed a disagreement between the parties over a specific term of the contract. Because the parties' negotiations were ongoing over a period of seven years, and no such disagreement arose until February of 2010, tenant's right to compel arbitration is clearly not barred by the six-year statute of limitations.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ.