Lifetime Tech., Inc. v Portables Unlimited, Inc. (2021 NY Slip Op 08175)





Lifetime Tech., Inc. v Portables Unlimited, Inc.


2021 NY Slip Op 08175


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-11982
 (Index No. 700043/09)

[*1]Lifetime Technology, Inc., et al., appellants,
v
Portables Unlimited, Inc., et al., respondents, et al., defendants.


Wang Law Office, PLLC, Flushing, NY (Jean Wang of counsel), for appellants.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (John H. Gionis of counsel), for respondent Portable Unlimited, Inc., sued herein as Portables Unlimited, Inc.
Wilmer Cutler Pickering Hale and Dorr, LLP, New York, NY (Hallie B. Levin of counsel), for respondent T-Mobile USA, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated August 28, 2018. The order denied the plaintiffs' motion, in effect, to vacate a stay of all proceedings in the action and to restore the action to the active calendar, and granted those branches of the separate cross motions of the defendants Portable Unlimited, Inc., and T-Mobile USA, Inc., which were to permanently stay arbitration of the dispute.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiffs commenced this action in 2009 against, among others, the defendants Portable Unlimited, Inc., sued herein as Portables Unlimited, Inc. (hereinafter Portable), and T-Mobile USA, Inc. (hereinafter T-Mobile), seeking, inter alia, to recover damages for breach of a wireless telecommunications products and services contract. In 2011, the Supreme Court issued an order staying all proceedings in the action on the ground that the underlying contract included a provision requiring arbitration of any and all claims arising therefrom. That order was affirmed on appeal (see Lifetime Tech., Inc. v Portables Unlimited, Inc., 98 AD3d 1002).
In March 2018, the plaintiffs moved, in effect, to vacate the stay and to restore the action to the active calendar. Portable and T-Mobile separately cross-moved, inter alia, to permanently stay arbitration on the ground that the statute of limitations had run and arbitration would be time-barred. In the order appealed from, the Supreme Court denied the plaintiffs' motion and granted those branches of the cross motions which were to permanently stay arbitration of the dispute. The plaintiffs appeal.
The Supreme Court properly denied the plaintiffs' motion, in effect, to vacate the stay and to restore the case to the active calendar. The court previously determined that the parties had [*2]agreed to submit their contractual disputes to arbitration, and that determination was affirmed on appeal (see Lifetime Tech., Inc. v Portables Unlimited, Inc., 98 AD3d 1002).
The Supreme Court also properly determined that arbitration of the dispute would be time-barred since the plaintiffs did not initiate arbitration within six years of the date their claims arose (see CPLR 213; Matter of DeLuca v Motor Veh. Acc. Indem. Corp., 17 NY2d 76; Matter of Continental Ins. Co. v Richt, 253 AD2d 818, 819).
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court