Matter of Liberty Mut. Ins. Co. v Pascarella (2025 NY Slip Op 05684)

Matter of Liberty Mut. Ins. Co. v Pascarella

2025 NY Slip Op 05684

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.

LARA J. GENOVESI

PAUL WOOTEN

LAURENCE L. LOVE, JJ.

2024-06356

(Index No. 8390/23)

[*1]In the Matter of Liberty Mutual Insurance Company, petitioner-respondent,

v

Susan Pascarella, appellant; Allstate Insurance Company, proposed additional respondent.

O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Heather M. Haralambides of counsel), for appellant.

Correia, Conway & Stiefeld, White Plains, NY (David M. Berkley of counsel), for petitioner-respondent.

DECISION & ORDER

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, Susan Pascarella appeals from an order of the Supreme Court, Orange County (David J. Squirrell, J.), dated April 15, 2024. The order granted that branch of the petition which was to permanently stay arbitration.

ORDERED that the order is affirmed, with costs.

On December 18, 2012, Susan Pascarella allegedly was involved in an automobile accident with a motor vehicle insured by Allstate Insurance Company (hereinafter Allstate). At the time of the accident, Pascarella had her own automobile insurance policy issued by the petitioner, Liberty Mutual Insurance Company (hereinafter Liberty Mutual), which included supplementary uninsured/underinsured motorist (hereinafter SUM) coverage.

Allstate tendered the bodily injury policy limit in the sum of $50,000 in settlement of Pascarella's claim on March 25, 2014, and Pascarella cashed the settlement check on May 16, 2014. After Allstate tendered the policy limit, Pascarella submitted a claim for SUM benefits pursuant to the Liberty Mutual policy, which Liberty Mutual denied. Subsequently, on November 16, 2023, Pascarella made a demand upon Liberty Mutual to arbitrate her claim for SUM benefits. In December 2023, Liberty Mutual commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of Pascarella's claim for SUM benefits. In an order dated April 15, 2024, the Supreme Court granted that branch of the petition which was to permanently stay arbitration. Pascarella appeals.

"Generally, a demand for arbitration is subject to a six-year Statute of Limitations, which begins to run 'when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court'" (Matter of Continental Ins. Co. v Richt, 253 AD2d 818, 819 [citation omitted], quoting Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175; see CPLR 213[2]; Matter of New York City Tr. Auth. v Hill, 107 AD3d 897, 898). "Stated another way, 'a claimant's cause of action does not accrue until it possesses the legal right to be paid and to enforce [*2]its right to payment in court'" (Matter of Continental Ins. Co. v Richt, 253 AD2d at 819, quoting City of New York v State of New York, 40 NY2d 659, 668). "As a condition precedent to the obligation of the insurer to pay under the supplementary uninsured/underinsured motorists insurance coverage, the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements" (Insurance Law § 3420[f][2][A]). Thus, the right to payment for underinsurance coverage is triggered upon payment of the policy limits of the underinsured vehicle (see S'Dao v National Grange Mut. Ins. Co., 87 NY2d 853, 854-855; Matter of Liberty Mut. Ins. Co. v Doherty, 13 AD3d 629, 630; Matter of Continental Ins. Co. v Richt, 253 AD2d at 819).

Here, Pascarella's right to payment for the underinsurance coverage accrued, at the latest, on May 16, 2014, when she cashed the check settling her bodily injury claim for the policy limit of $50,000 (see Matter of Liberty Mut. Ins. Co. v Doherty, 13 AD3d at 630; Matter of Continental Ins. Co. v Richt, 253 AD2d at 819). Since Pascarella's demand for arbitration was not filed until November 16, 2023, more than six years after May 16, 2014, Pascarella was required to come forward with sufficient proof that a later accrual date applied (see Matter of Allstate Ins. Co. v Morrison, 267 AD2d 381, 382; Matter of Allstate Ins. Co. v Torrales, 186 AD2d 647, 648). Pascarella failed to meet that burden. Therefore, the Supreme Court properly granted that branch of the petition which was to permanently stay arbitration.

Pascarella's remaining contentions are without merit.

IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court