■ In the Matter of RUSSELL ABBONDANDOLO, Appellant, v DANIEL LISHANSKY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review the determination of the Nassau County Police Academy dated July 28, 1989, which dismissed the petitioner as a probationary recruit, the petitioner appeals from (1) a judgment of the Supreme Court, Nassau County (Burke, J.), entered October 23, 1989, which dismissed the petition, and (2) an order of the same court, dated December 8, 1989, which denied his application for reargument.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents, appearing separately and filing separate briefs.

The appeal from the order is dismissed, as no appeal lies from an order denying a motion for reargument. The petitioner offered no new evidence warranting treatment of the motion as one in the nature of renewal.

As a probationary employee of the City of Glen Cove Police Department, the petitioner was assigned to train at the Nassau County Police Academy, and could be dismissed from the Academy at any time, without a hearing and without specific reasons being stated. In the absence of bad faith or reasons prohibited by law, such a determination will be upheld *(see, Matter of Leon v Meehan,* 67 NY2d 613; *Matter of LaMotta v New York City Tr. Auth.,* 165 AD2d 875). "The burden of presenting legal and competent evidence to show a deprivation of petitioner's rights or bad faith or other arbitrary action constituting abuse of * * * discretion must be borne by petitioner" *(Haberman v Codd,* 48 AD2d 505, 508). Here, the petitioner has failed to sustain his burden. Furthermore, the petitioner was not an employee of Nassau County, but of the City of Glen Cove Police Department. Any obligation owed the petitioner by the Nassau County Police Academy can only arise from the Academy's agreement with the City of Glen Cove Police Department to train its officers. Certainly, the Academy's obligation to the petitioner can be no more than that of the petitioner's employer.

We have examined the petitioner's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.