■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ANNE OLSEN, Respondent. [634 NYS2d 773] —In an action to stay arbitration of an underinsured motorist claim, Allstate Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated July 26, 1994, as, upon denying the branch of its motion which was to amend an order of the same court, dated January 18, 1994, declared that Allstate Insurance Company's liability under the subject policy was $100,000 rather than $50,000.

Ordered that the order is modified, on the law, without costs or disbursements, by deleting the provision thereof which declared that Allstate Insurance Company's liability under the subject policy is $100,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On September 29, 1993, Anne Olsen served Allstate Insurance Company (hereinafter Allstate) with two demands for arbitration seeking underinsured motorist benefits under two separate policies—one issued to Richard C. Vassallo and one issued to Jeffrey Dierking—in connection with an automobile ac-

cident on November 25, 1992. Olsen claimed that she was covered under both policies because she was a relative residing in both the Vassallo and Dierking households on the date of the accident. Both policies provided coverage with limits of $100,000 for each person and $300,000 for each accident. Olsen claimed damages of $100,000 under each policy.

On October 18, 1993, Allstate commenced a proceeding to stay arbitration of Olsen's underinsured motorist claim under the Vassallo policy. Allstate alleged that Olsen was not covered under the Vassallo policy because she was not a resident relative of the Vassallo household on the date of the accident. In an order dated January 18, 1994, the Supreme Court granted a temporary stay of arbitration and ordered that a hearing be held to determine the issue of Olsen's residence. The hearing was scheduled for June 29, 1994.

By an order to show cause dated May 11, 1994, Allstate moved for an order directing, *inter alia*, that the hearing court also determine Allstate's maximum liability under the Vassallo policy. Allstate alleged that the "other insurance" provision contained in the Vassallo policy limited its liability to $50,000. In opposition, Olsen contended, *inter alia*, that Allstate was attempting to commence a proceeding to stay arbitration as to this issue in violation of the Statute of Limitations since Allstate's time to commence a proceeding to stay arbitration had expired.

The hearing on the issue of Olsen's residence took place prior to the Supreme Court's determination of Allstate's motion. The Judicial Hearing Officer determined that Olsen was a resident relative of both the Vassallo and Dierking households so that she was covered under both policies. This determination is not presently before us.

In an order dated July 26, 1994, the Supreme Court denied Allstate's motion in all respects. Moreover, the Supreme Court held that pursuant to the "other insurance" provision contained in the policy, Allstate's liability under the Vassallo policy was $100,000. The Supreme Court did not address the issue of whether it had jurisdiction over the issue of damages.

The Supreme Court erred in considering the issue of Allstate's maximum liability under the Vassallo policy. In effect, Allstate inserted an application for a declaratory judgment into the proceeding for a stay of arbitration, without statutory authorization. CPLR article 75 limits the court's involvement in arbitration to issues arising prior to and after arbitration (*see*, Siegel, NY Prac §§ 589, 591). Pursuant to CPLR 7503, the courts can stay arbitration on the ground that

a valid agreement was not made or has not been complied with, or that the claim sought to be arbitrated is untimely. The courts have no authority to grant a stay of arbitration on the ground that the damages sought under a policy are excessive (*see generally, Matter of Nationwide Mut. Ins. Co. [Miller]*, 95 AD2d 961). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.