■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v ARTHUR ABBENSETT, Respondent. [659

NYS2d 73] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (McCabe, J.), dated April 3, 1996, which denied the petition, and (2) an order of the same court dated November 1, 1996, which denied its motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated November 1, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 3, 1996, is reversed, on the law, the petition is granted, and the arbitration is stayed; and it is further,

Ordered that the appellant is awarded one bill of costs.

Arthur Abbensett was the victim of a "hit-and-run" accident on Brooklyn's Prospect Expressway on July 31, 1993. The vehicle he was driving belonged to his uncle and was insured by Allstate Insurance Company. It is undisputed that Abbensett eventually collected $10,000 from Allstate under the uninsured motorist endorsement of his uncle's policy. Abbensett then sought to collect from his insurer, Government Employees Insurance Company (hereinafter GEICO), under either the underinsured or uninsured endorsements of the policy which covered his own car.

Abbensett's policy defines a hit-and-run vehicle as an uninsured vehicle, and accidents involving such vehicles are covered under the uninsured endorsement. Thus, there was no coverage under the underinsured endorsement of Abbensett's policy (see, Continental Ins. Co. v Reilly, 143 AD2d 64). Furthermore, under the terms of the policy, the uninsured motorist insurance was excess to any other insurance because Abbensett was occupying a vehicle which he did not own, and the maximum sum payable by the GEICO policy was "the amount by which the limit of liability for [the GEICO] coverage exceeds the applicable limit of liability of such other [i.e. the Allstate] insurance". Since Abbensett collected $10,000 from Allstate and the limits of the GEICO policy were $10,000 no additional payment is therefore due Abbensett under the uninsured motorist endorsement of his policy as a matter of law, and GEICO's application to stay arbitration should have been granted.

The appeal from the order dated November 1, 1996, is dismissed, as no appeal lies from an order denying a motion for reargument. GEICO offered no new evidence warranting treatment of the motion as one in the nature of renewal (see, Matter of Abbondandolo v Lishansky, 174 AD2d 738).

Abbensett's remaining contentions are either academic or

without merit. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.