■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JOSEPH DEMORATO, Appellant. [694 NYS2d 67] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the appeal is . from an order of the Supreme Court, Nassau County (Davis, J.), dated August 6, 1998, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The determination as to whether a vehicle is underinsured is made by comparing the bodily injury limits of the claimant's insurance policy with the bodily injury limits of the tortfeasor's policy (*see,* Insurance Law § 3420 [f] [2] [A]; *Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 953; *Matter of State Farm Mut. Auto. Ins. Co. v Roth,* 206 AD2d 376; *Matter of Prudential Prop. & Cas. Co. v Szeli,* 83 NY2d 681; *Matter of Automobile Ins. Co. v Stillway,* 165 AD2d 572; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 365). If the bodily injury limits of the tortfeasor's policy are less than those of the claimant's policy, the claimant may assert a claim for underinsurance benefits (*see, Maurizzio v Lumbermens Mut. Cas. Co., supra*; *Matter of Prudential Prop. & Cas. Co. v Szeli, supra*).

The appellant claimant had supplementary uninsured motorist coverage under two primary policies. The policy with the limit of $100,000 exceeded the tortfeasor's policy limit of $25,000. Therefore, the tortfeasor's vehicle was underinsured. Since there was no applicable policy exclusion, the petition to permanently stay arbitration should have been denied. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.