■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v BENJAMIN TETTEH, Appellant. [716 NYS2d 399] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, Benjamin Tetteh appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 15, 2000, as declared that the petitioner's maximum potential liability following arbitration under the subject policy is $50,000.

Ordered that the order is reversed insofar as appealed, on the law, with costs, and the declaration is vacated.

The Supreme Court erred in considering the issue of the maximum liability of Liberty Mutual Insurance Company (hereinafter Liberty Mutual). "In effect [Liberty Mutual] inserted an application for a declaratory judgment into the proceeding for a stay of arbitration, without statutory authorization" (*Matter of Allstate Ins. Co. v Olsen,* 222 AD2d 579, 580). Pursuant to CPLR 7503, a court may stay arbitration, *inter alia,* on the ground that a valid agreement to arbitrate was not made or has not been complied with, or that the claim is untimely. "The courts have no authority to grant a stay of

arbitration on the ground that the damages sought under a policy are excessive" (*Matter of Allstate Ins. Co. v Olsen, supra,* at 581; *cf., Matter of General Acc. Ins. Co. v Brown,* 263 AD2d 542; *Matter of Commerce & Indus. Ins. Co. v Weber,* 240 AD2d 742; *Matter of Government Empls. Ins. Co. v Abbensett,* 240 AD2d 578, [all upholding stays of arbitration on issue of excessiveness of damages only where no additional recovery would be possible, thus rendering arbitration academic]). Rather, the issues of the extent of the insurer's liability and the availability of offsets are matters expressly within the language of the arbitration clause of the relevant Supplemental Uninsured Motorist endorsements, and thus must be determined at arbitration.

In light of our determination, we do not reach the parties' remaining contentions. Mangano, P. J., Ritter, S. Miller and H. Miller, JJ., concur.