■ In the Matter of the Arbitration between GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Appellant, and GARY L. DUNHAM et al., Respondents. [757 NYS2d 204] —Appeal from an order of Supreme Court, Steuben County (Furfure, J.), entered April 9, 2002, which denied the petition seeking a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Supreme Court erred in denying the petition seeking a permanent stay of arbitration. Respondents and their infant child were injured in a motor vehicle accident, and the driver of the other vehicle was found to be 100% liable for the accident in the underlying action commenced by respondents individually and on behalf of their child. The insurer for the driver of the other vehicle paid respondent Mary M. Dunham and respondents' child a total of $100,000 in settlement of that action. Respondent Gary L. Dunham then filed a claim seeking supplemental uninsured motorist (SUM) benefits from petitioner, his insurer. Petitioner denied the claim based on the condition in the policy stating that, "[r]egardless of the number of insureds, [the] maximum payment under this SUM endorsement shall be the difference between * * * [t]he SUM limit [$100,000 per this endorsement] and * * * [t]he motor vehicle bodily injury liability insurance or bond payments received by the insured." We agree with petitioner that, if respondent Gary Dunham were permitted to collect on his SUM claim, respondents would receive in excess of the $100,000 to which they are entitled under the policy. Our determination is in accord with 11 NYCRR 60-2.1 (c), which states that "[t]he maximum amount payable under the SUM coverage shall be the policy's SUM limit reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident" (*see Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219,

223-224 [1993]). We decline to follow the decision of the Third Department in *Butler v New York Cent. Mut. Fire Ins. Co.* (274 AD2d 924 [2000]). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ. [Amended 306 AD2d __ (2003).]