■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v ANDREW BIGLER, Appellant. [796 NYS2d 368]—

879

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Andrew Bigler appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated September 15, 2003, which granted the petition and denied his motion to set aside and vacate the award.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the declarations page of the petitioner's automobile insurance policy contained a single, combined limit of uninsured/underinsured motorists coverage. The offset provision set forth in the policy was therefore valid and enforceable (*see Matter of Allstate Ins. Co. [Stolarz—N.J. Mfrs. Ins. Co.]*, 81 NY2d 219 [1993]). Since the amount to be offset in this case was equal to the limit of coverage available under the policy, the Supreme Court properly granted the petition to confirm the arbitration award (*see Matter of General Acc. Ins. Co. v Brown*, 263 AD2d 542 [1999]) and denied the motion.

Moreover, the inclusion on the declarations page of the policy of language which alerted the appellant to the existence of the offset and directed him to the specific endorsement where it could be found served to ameliorate any concerns that the stated limit of underinsured motorists coverage was misleading, ambiguous, or deceptive (*see Matter of Selimis v General Acc. Ins.*, 264 AD2d 738 [1999]). Indeed, the language employed was virtually identical to that required by Insurance Department regulations (*see* 11 NYCRR 60-2.3 [a] [2]).

Accordingly, the arbitrator's award was rational and not arbitrary and capricious (*see* CPLR 7510; *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of Selimis v General Acc. Ins., supra* at 739).

The appellant's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.