In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v JOHN YOUNG et al., Appellants. INFINITY INSURANCE COMPANY et al., Proposed Additional Respondents. [835 NYS2d 283]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, John Young, Gerard Rouse, Ken Rouse, and Bernard Jones appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 24, 2006, which granted the petitioner's motion for leave to reargue, and upon reargument, in effect, granted the petition.

Ordered that the order is affirmed, with costs.

On June 25, 2000 the appellants were involved in an automobile accident with a motor vehicle insured by the proposed additional respondent Infinity Insurance Company (hereinafter the tortfeasors' insurer). After the appellants reached a settlement with the tortfeasors' insurer and received the total sum of $50,000, representing the limits for bodily injury liability under the tortfeasors' policy, the appellants made a demand for arbitration under the endorsement for supplementary uninsured/underinsured motorist benefits (hereinafter SUM or the SUM endorsement) of a policy issued by the petitioner to nonparty Gail D. Young (hereinafter the Geico policy). The SUM endorsement of the Geico policy was written with a single policy limit for uninsured/underinsured motorist of $25,000/$50,000 for each person/each occurrence. The Geico policy limits for bodily injury liability were also in those amounts.

Contrary to the appellants' contention, the SUM endorsement of the Geico policy which incorporated the precise requirements for SUM coverage mandated by 11 NYCRR 60-2.3 including, but not limited to, the offset provision, i.e., condition number 6 of the standard form prescribed under 11 NYCRR 60-2.3 (f), was not ambiguous and misleading (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 224 [1993]; *Matter of State Farm Mut. Auto. Ins. Co. v Bigler*, 18 AD3d 878, 879 [2005]; *Matter of Graphic Arts Mut. Ins. Co. [Dunham]*, 303 AD2d 1038 [2003]). Pursuant to the offset provi-

sion, the petitioner properly offset the $50,000 received by the appellants from the tortfeasors' insurer against the SUM limits under the Geico policy, thereby precluding any recovery under the SUM endorsement (*see* 11 NYCRR 60-2.1 [c]). Moreover, since the tortfeasors' policy limits for bodily injury liability were identical to the Geico policy limits for bodily injury liability, the tortfeasors' vehicle was not underinsured (*see* Insurance Law § 3420 [f] [2] [A]; *Matter of Prudential Prop. & Cas. Co. v Szeli,* 83 NY2d 681, 685 [1994]; *Matter of Allstate Ins. Co. v DeMorato,* 262 AD2d 557 [1999]; *Matter of Automobile Ins. Co. of Hartford Conn. v Stillway,* 165 AD2d 572, 575 [1991]).

The appellants' remaining contention is without merit. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.