■ In the Matter of Clarendon National Insurance Company, Appellant, v Francisco Nunez, Sr., et al., Respondents. [850 NYS2d 639]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated March 16, 2007, which denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On or about June 21, 2001 the respondents were involved in an automobile accident with a motor vehicle insured by nonparty Progressive Northwestern Insurance Company (hereinafter the tortfeasor's insurer). The respondents' vehicle was insured under a policy of insurance issued by the petitioner Clarendon National Insurance Company to the respondent Francisco Nunez, Sr. (hereinafter the petitioner's policy). The other respondents, Francisco's wife and infant children, also were insureds under the petitioner's policy.

The tortfeasor's insurer paid out the sums of $5,000 to the respondent Stephanie Nunez, $15,000 to the respondent Francisco Nunez, Jr., $15,000 to the respondent Rafael Nunez, and $15,000 to the respondent Francisco Nunez, Sr., totaling the sum of $50,000, representing the limit for bodily injury liability coverage under the tortfeasor's policy. Subsequently, the respondents made a demand for arbitration of their claims under the endorsement for supplementary uninsured/underinsured motorist benefits (hereinafter the SUM benefits or the SUM endorsement) of the petitioner's policy in the total sum of $100,000, with $25,000 for each respondent. The petitioner's policy, however, was underwritten with SUM benefits equal to $25,000 per person and $50,000 per accident. The petitioner's policy limits for bodily injury liability were in those same amounts.

Since the tortfeasor's policy limits for bodily injury liability were identical to the petitioner's policy limits for bodily injury liability, the tortfeasor's vehicle was not underinsured (see Insurance Law § 3420 [f] [2] [A]; *Matter of Prudential Prop. &*

*Cas. Co. v Szeli*, 83 NY2d 681, 685 [1994]; *Matter of Allstate Ins. Co. v DeMorato*, 262 AD2d 557 [1999]; *Matter of Automobile Ins. Co. of Hartford Conn. v Stillway*, 165 AD2d 572, 575 [1991]). Contrary to the respondents' contention, 11 NYCRR 60-2.3 (f) (c) (3) (ii) does not render the tortfeasor's vehicle "underinsured" for purposes of triggering the SUM endorsement because of the payments the tortfeasor's insurer already made to them (*see Matter of Government Empls. Ins. Co. v Young*, 39 AD3d 751, 753 [2007]).

11 NYCRR 60-2.3 (f) (c) defines an "uninsured motor vehicle" as one that "through its ownership, maintenance or use, results in bodily injury to an insured, and for which . . . (3) there is a bodily injury liability insurance coverage or bond applicable to such motor vehicle at the time of the accident, but . . . (ii) the amount of such insurance coverage or bond has been reduced, by payments to other persons injured in the accident, to an amount less than the third-party bodily injury liability limit of this policy." When determining whether a tortfeasor's vehicle is underinsured for purposes of triggering SUM coverage, 11 NYCRR 60-2.3 (f) (c) (3) (ii) does not require an insurer, in comparing the third-party bodily injury liability limits of the policy it issued to its insureds (hereinafter the claimants) with those of the tortfeasor's policy, to reduce the tortfeasor's policy limits by payments the tortfeasor made to the claimants. 11 NYCRR 60-2.3 (f) (c) (3) (ii) requires such reduction for payments made "to other persons" (*see State Farm Mut. Auto. Ins. Co. v Sparacio*, 297 AD2d 284, 285 [2002]; *Matter of New York Cent. Mut. Fire Ins. Co. v White*, 262 AD2d 415, 417 [1999]).

Moreover, the petitioner is entitled to offset the $50,000 received by the respondents from the tortfeasor's insurer against the SUM limits of its policy, thereby precluding any recovery under the SUM endorsement (*see* 11 NYCRR 60-2.1 [c]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.