■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v NYDIA RIVERA et al., Appellants. [855 NYS2d 217]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of claims for underinsured motorist benefits, Nydia Rivera, Lisa Rivera, Nadine Valoy, Charisse Mercado, and Sasha Quintanilla appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 26, 2007, which granted the petition.

Ordered that the order is affirmed, with costs.

On July 15, 2005 Nydia Rivera, Lisa Rivera, Nadine Valoy, Charisse Mercado, and Sasha Quintanilla (hereinafter the appellants) were passengers in an automobile owned and operated by Petra Mercado (hereinafter the Mercado vehicle), when it was involved in an accident with a motor vehicle owned and operated by Nilza Rodriguez (hereinafter the Rodriguez vehicle). The Mercado vehicle was covered by an insurance policy issued by the petitioner, Allstate Insurance Company (hereinafter Allstate). The Rodriguez vehicle was covered by a policy issued by nonparty GMAC Insurance Company (hereinafter GMAC).

Under the Allstate policy, the limits for both third-party bodily injury and for the supplementary uninsured/underinsured motorists endorsement (hereinafter the SUM endorsement) were in the amount of $25,000 for each person and $50,000 for each accident, the same limits as in the GMAC policy. As a result of the accident, GMAC paid the sum of $25,000 to Mercado and the sum of $5,000 to each of the five appellants, thereby exhausting the $50,000 per-accident limit under the GMAC policy. The appellants thereafter sought additional benefits under the SUM endorsement of Mercado's Allstate policy. Allstate denied their claims, and the appellants demanded arbitration. The Supreme Court granted Allstate's petition for a permanent stay of arbitration. We affirm.

In accordance with 11 NYCRR 60-2.3 (f), the SUM endorsement of Mercado's Allstate policy provides, in pertinent part, that "[t]he term 'uninsured motor vehicle' means a motor vehicle that, through its ownership, maintenance or use, results in bodily injury to an insured, and for which . . . there is a bodily injury liability insurance coverage . . . applicable to such motor vehicle at the time of the accident, but . . . the amount of such insurance coverage . . . is less than the third-party bodily injury liability limit of this policy . . . or . . . the amount of such insurance coverage . . . has been reduced, by payments to other persons injured in the accident, to an amount less than the third-party bodily injury liability limit of this policy."

The Supreme Court correctly determined that the appellants

were not entitled to benefits under the SUM endorsement of the Allstate policy. The bodily injury liability insurance coverage provided by the GMAC policy was equal to, and thus not "less than," the third-party bodily injury liability limit of the Allstate policy. Moreover, payments to "other persons" injured in the accident did not reduce the amount of the bodily injury coverage provided by the GMAC policy to an amount "less than" the third-party bodily injury liability limit of the Allstate policy. While occupying Mercado's vehicle as passengers, the appellants were insureds under the Allstate policy. GMAC's payments to them, therefore, were not payments to "other persons" injured in the accident. Accordingly, the SUM endorsement of the Allstate policy was not triggered, and the permanent stay of arbitration under that endorsement was properly granted (*see Matter of Clarendon Natl. Ins. Co. v Nunez*, 48 AD3d 460 [2008]; *Matter of Government Empls. Ins. Co. v Young*, 39 AD3d 751, 753 [2007]).

The appellants' remaining contention is without merit. Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.