In the Matter of AUTOMOBILE INSURANCE COMPANY OF HARTFORD, Sued Herein as TRAVELERS INSURANCE COMPANY, Appellant, v MARIE RAY, Respondent. [858 NYS2d 288]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (McCormack, J.), entered November 1, 2007, which denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On or about August 26, 2002, the respondent, Marie Ray, was involved in an automobile accident while riding in a vehicle owned and operated by nonparty Mary Gigante (hereinafter the

Gigante vehicle), an insured under a policy of insurance (hereinafter the petitioner's policy) issued by the petitioner, Automobile Insurance Company of Hartford, sued herein as Travelers Insurance Company. The Gigante vehicle collided with a vehicle operated by nonparty Jamie Wood (hereinafter the tortfeasor's vehicle). At the time of the accident, in addition to Ray, Roseann Roberts also was a passenger in the Gigante vehicle. The tortfeasor's vehicle was insured under a policy of insurance (hereinafter the tortfeasor's policy) issued by nonparty Great American Insurance Company (hereinafter the tortfeasor's insurer).

The combined policy limit for bodily injury liability and property damage under the petitioner's policy was $300,000 per accident. The policy limit for bodily injury liability under the tortfeasor's policy was $100,000 per person, and $300,000 per accident. The petitioner's policy also contained a supplementary uninsured/underinsured motorists (hereinafter SUM) endorsement with a single policy limit for uninsured/underinsured motorists' coverage in the sums of $300,000 per person/$300,000 per accident.

Pursuant to subparagraph (a) (2) of the definitions section of the SUM endorsement of the petitioner's policy, which mirrors 11 NYCRR 60-2.3 (f) (the statutorily-prescribed endorsement), Ray and Roberts, while occupying the Gigante vehicle, were insureds under that policy for purposes of the SUM endorsement.

The tortfeasor's insurer made a payment to Ray in the sum of $100,000, and also made payments to Gigante and Roberts, the total of which payments exhausted the full bodily injury liability limit of $300,000 under the tortfeasor's policy. Subsequently, Ray made a demand for arbitration of a claim under the SUM endorsement of the petitioner's policy for $300,000, the SUM endorsement limit per person under that policy.

The petitioner commenced this proceeding to permanently stay arbitration of Ray's claim. The Supreme Court denied the petition. We reverse.

Based upon the facial comparison of the policy limits for bodily injury liability under the tortfeasor's policy with those under the petitioner's policy, the SUM endorsement would not be triggered. Since the petitioner's $300,000 combined policy limit includes property damage, the bodily injury liability limits of the tortfeasor's policy were not less than the bodily injury liability limits of the petitioner's policy (cf. *Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681, 686-687 [1994]).

Under the circumstances here, involving a multiple-victim ac-

cident, the petitioner's policy would provide $300,000 in coverage for bodily injuries *less* any amount payable for property damage. By contrast, the tortfeasor's policy would provide $300,000 for bodily injuries *plus* any amount payable for property damage. Thus, the tortfeasor is not underinsured for purposes of Insurance Law § 3420 (f) (2) (A) (*see Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681, 685-687 [1994]; *Matter of Clarendon Natl. Ins. Co. v Nunez*, 48 AD3d 460 [2008]; *Matter of Government Empls. Ins. Co. v Young*, 39 AD3d 751, 753 [2007]; *Matter of Allstate Ins. Co. v DeMorato*, 262 AD2d 557 [1999]; *Matter of Automobile Ins. Co. of Hartford Conn. v Stillway*, 165 AD2d 572, 575 [1991]).

Contrary to Ray's contention, the SUM endorsement of the petitioner's policy which incorporated the precise requirements for SUM coverage mandated by 11 NYCRR 60-2.3, including the prescribed offset provision, was not ambiguous and misleading (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 224 [1993]; *Matter of Government Empls. Ins. Co. v Young*, 39 AD3d 751, 752 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Bigler*, 18 AD3d 878, 879 [2005]). Accordingly, the Supreme Court should have granted the petition and permanently stayed arbitration of Ray's claim for underinsured motorist benefits.

Based upon the foregoing, the parties' remaining contentions regarding the court's failure to direct pre-arbitration discovery have been rendered academic. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.