■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v SUZANNE WALKER, Appellant. [921 NYS2d 899]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental underinsured

motorist benefits, the appeal is from an order of the Supreme Court, Richmond County (Ajello, J.), dated May 18, 2010, which, after a hearing, granted the petition.

Ordered that the order is affirmed, with costs.

The appellant, Suzanne Walker, had an automobile insurance policy with the petitioner, Liberty Mutual Insurance Company. Her supplementary uninsured/underinsured motorist (hereinafter SUM) coverage limit was $100,000. On August 12, 2005, Walker was a pedestrian when she was struck by a motor vehicle in Staten Island. She notified the petitioner of her intent to pursue a SUM claim. Walker then commenced a personal injury action against alleged tortfeasor Boris D. Volodarsky, the driver of the vehicle that struck her, and alleged tortfeasor Verizon Communications, Inc., and Verizon New York, Inc. (hereinafter together Verizon), which had trucks parked at the intersection where the accident occurred. In a settlement agreement, Volodarsky agreed to pay Walker the sum of $25,000, and Verizon agreed to pay Walker the sum of $650,000. Walker sought permission from the petitioner to settle with the alleged tortfeasors. The petitioner granted Walker permission, but further stated that, pursuant to the express terms of the SUM endorsement, because Walker received the sum of $675,000, well in excess of her $100,000 SUM coverage limit, she no longer had a valid SUM claim. Walker demanded arbitration. The petitioner then commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration. In the order appealed from, the Supreme Court granted the petition. We affirm.

The petitioner correctly concedes that Volodarsky was an underinsured motorist, and that the appellant was not required to exhaust the coverage limits of all tortfeasors before her entitlement to submit a SUM claim was triggered, provided that she exhausted the full liability limits of at least one tortfeasor (see e.g. S'Dao v National Grange Mut. Ins. Co., 87 NY2d 853 [1995]). However, the pertinent issue here is not whether Walker may submit a SUM claim as an initial matter, but whether any additional recovery is possible. As the petitioner observes, paragraph six of the applicable SUM endorsement sets forth the petitioner's maximum payment under that endorsement as the difference between the SUM coverage limit, here $100,000, and the amounts "received by the insured or the insured's legal representative, from or on behalf of all persons that may be legally liable for the bodily injury sustained by the insured." Here, it is undisputed that Walker received a cumulative total of $675,000 "from or on behalf of all persons that may be legally liable for the bodily injury sustained by the insured," well in excess of

her $100,000 SUM coverage limit. Thus, no further recovery was possible, and arbitration was rendered academic, as there was nothing to arbitrate (*see Matter of General Acc. Ins. Co. v Brown*, 263 AD2d 542 [1999]; *Matter of Commerce & Indus. Ins. Co. v Weber*, 240 AD2d 742 [1997]; *Matter of Government Empls. Ins. Co. v Abbensett*, 240 AD2d 578 [1997]; *Matter of Nationwide Ins. Co. v Kuchta*, 238 AD2d 510 [1997]; *Matter of Lotito v Metropolitan Prop. & Cas. Ins. Co.*, 228 AD2d 443 [1996]; *cf. Matter of Liberty Mut. Ins. Co. v Tetteh*, 277 AD2d 239 [2000]). Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration.

Walker's remaining contentions are without merit. Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.