■ In the Matter of ESTEBAN RIVERA et al., Appellants, v AMICA MUTUAL INSURANCE COMPANY, Respondent. [937 NYS2d 59]—

In *Butler v New York Cent. Mut. Fire Ins. Co.* (274 AD2d 924 [2000]), the Third Department held that whether the term "insured," as used in an identical condition 6 of the supplementary uninsured motorist (SUM) endorsement, "refers to each independent insured" or "a cumulative grouping of all who qualify as insureds" was ambiguous, and should be construed against the insurer (*id.* at 925). However, in this case, condition 6 cannot be viewed as ambiguous because such provision refers to "[t]he SUM limit shown on the Declarations," and the Declarations clearly set forth a "per accident" limit (*see Matter of Automobile Ins. Co. of Hartford v Ray*, 51 AD3d 788, 790 [2008]; *Matter of Government Empls. Ins. Co. v Young*, 39 AD3d 751, 752-753 [2007]; *Matter of Graphic Arts Mut. Ins. Co. [Dunham]*, 303 AD2d 1038, 1038-1039 [2003]). Petitioners' piecemeal view of condition 6 runs afoul of the principle that "[w]hen interpreting a contract, we must consider the entire writing and not view particular words in isolation" (*Wachter v Kim*, 82 AD3d 658, 661 [2011]). Concur—Mazzarelli, J.P., Saxe, Acosta and Román, JJ.