■ In the Matter of UNITRIN AUTO AND HOME INSURANCE COMPANY, Appellant, v DINA GELBSTEIN, Respondent. [970 NYS2d 812]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Solomon, J.), entered April 24, 2012, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.

When a policyholder purchases supplemental uninsured/underinsured motorist (hereinafter SUM) coverage in New York, he or she is insuring against the risk that a tortfeasor's underinsurance (or complete lack of insurance) will provide less protection for the policyholder than the policyholder provides to others when at fault in causing bodily injury (*see Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY3d 681, 687 [1994]; *Matter of Allstate Ins. Co. v Rivera*, 12 NY3d 602, 608 [2009]; *Raffellini v State Farm Mut. Auto. Ins. Co.*, 9 NY3d 196, 204 [2007]; *Weiss v Tri-State Consumer Ins. Co.*, 98 AD3d 1107, 1110 [2012]). SUM coverage is not a "stand-alone policy to fully compensate the insureds for their injuries" (*Weiss v Tri-State Consumer Ins. Co.*, 98 AD3d at 1110).

Here, the respondent, who was struck by a car while walking in the street, had an automobile policy of her own. In that policy, she chose to provide coverage in the amount of $100,000 per person in the event she was at fault in causing bodily injuries. By paying for SUM coverage in the amount of $100,000 per person, she also ensured that she was protected for that same amount in the event that an uninsured or underinsured motorist caused her to sustain injuries. Although the respondent was

injured, she received $400,000 from the tortfeasors, which is $300,000 more than the coverage she provided to others. Consequently, under paragraph 6 of her SUM endorsement, the amount she was entitled to recover under her SUM coverage was reduced to zero. Although the respondent had the right to demand arbitration (*cf. S'Dao v National Grange Mut. Ins. Co.*, 87 NY2d 853 [1995]), arbitration would have been academic (*see Matter of Liberty Mut. Ins. Co. v Walker*, 84 AD3d 960, 961-962 [2011]). Consequently, the Supreme Court erred in denying the petition to permanently stay arbitration of her claim for SUM benefits.

The parties' remaining contentions either are without merit or need not be addressed in light of this determination. Balkin, J.P., Hall, Lott and Sgroi, JJ., concur.