■ In the Matter of Government Employees Insurance Company, Respondent, v Paulette Terrelonge, Appellant. [5 NYS3d 288]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Paulette Terrelonge appeals from an order of the Supreme Court, Kings County (Silber, J.), dated February 6, 2013, which granted the petition to permanently stay arbitration.

Ordered that the order is affirmed, with costs.

On May 5, 2008, the appellant, driving a vehicle owned by her, collided with a vehicle driven and owned by Lesly Simonis. The appellant was insured by the petitioner, Government Employees Insurance Company (hereinafter GEICO). Her bodily injury policy limits were $100,000 per person and $300,000 per occurrence. She also carried supplementary uninsured/ underinsured motorist insurance (hereinafter SUM) with a policy limit of $25,000 per person, and $50,000 per occurrence. In the section entitled "exclusions," the policy stated that the maximum payment under the SUM endorsement "shall be the difference between: (a) the SUM limits; and (b) the motor vehicle bodily injury liability insurance or bond payments received by the insured or the insured's legal representative, from or on behalf of all persons that may be legally liable for the bodily injury sustained by the insured."

Simonis was insured by Safety Insurance. His policy had a bodily insurance policy limit of $25,000 per person. Safety Insurance Company tendered its entire policy limit of $25,000 in settlement of the appellant's claim.

On July 12, 2013, the appellant served, by certified mail,

return receipt requested, a notice of intention to arbitrate her SUM claim against GEICO. The return receipt indicates that the notice of intention to arbitrate was received by GEICO on July 15, 2013. GEICO commenced the instant proceeding to permanently stay arbitration by purchasing an index number and filing a notice of petition and petition on August 1, 2013. GEICO claimed that the appellant was not entitled to SUM benefits because the difference between the SUM policy limit for one person—$25,000—and the amount offered by Safety Insurance Company—also $25,000—was zero. In opposition, the appellant claimed that the proceeding to permanently stay arbitration was not timely commenced within the 20-day statute of limitations set forth in CPLR 7503 (c). The appellant also claimed that she was entitled to underinsurance benefits because Simonis was insured for the statutory minimum bodily injury insurance of $25,000 per person, while she was insured for $100,000 per person. In the order appealed from, the petition to permanently stay arbitration was granted.

CPLR 7503 (c) states, in pertinent part, that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand." Although the statutory provision indicates that the 20-day period begins to run when service is complete, case law indicates that the 20-day period beings to run only upon receipt of the notice of intention to arbitrate (*see Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 NY2d 57, 65 [1971]; *Matter of Eagle Ins. Co. v Pierre-Louis*, 306 AD2d 344 [2003]). "[T]he timeliness of a proceeding for a stay of arbitration is measured with respect to the earlier filing of the petition, not with respect to its later service" (*Matter of Government Empls. Ins. Co. v Morris*, 83 AD3d 709, 710 [2011]; *see Matter of American Commerce Ins. Co. v Nowicki*, 120 AD3d 670 [2014]; *Matter of Auto One Ins. Co. v Lopez*, 88 AD3d 701 [2011]). In the instant case, GEICO received the notice of intention to arbitrate on July 15, 2013, and commenced the instant proceeding to permanently stay arbitration by filing the notice of petition on August 1, 2013. Accordingly, the instant proceeding was timely commenced.

Based upon the bodily injury liability limits of the appellant's policy of $100,000 for one person, and the bodily injury liability limits of Simonis's policy of $25,000 for one person, Simonis was in fact underinsured (*see Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681, 685 [1994]; Insurance Law § 3420 [f] [2]). However, once Simonis's insurance carrier tendered its $25,000 policy limits for one person, the exclusion

in the SUM endorsement which limited SUM payments to the difference between the limits of SUM coverage and the insurance payment received by the appellant from any person legally liable for the appellant's bodily injuries applied. The language of the exclusion was not ambiguous, and must be enforced (*see Matter of Government Empls. Ins. Co. v Avelar*, 108 AD3d 672 [2013]; *Matter of Government Empls. Ins. Co. v Young*, 39 AD3d 751, 752 [2007]).

The appellant's remaining contentions are without merit.

Since the exclusion applies, the Supreme Court properly granted the petition to permanently stay arbitration (*see Matter of Graphic Arts Mut. Ins. Co. [Dunham]*, 303 AD2d 1038 [2003]). Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.