■ In the Matter of AMERIPRISE AUTO & HOME INSURANCE COMPANY, Respondent, v ROSE SAVIO, Appellant. [28 NYS3d 410]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, Rose Savio appeals from an order of the Supreme Court, Putnam County (Lubell, J.), dated August 4, 2014, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

On August 11, 2011, the appellant's minor daughter was a passenger in a vehicle that was involved in a motor vehicle accident resulting in her death. The appellant was insured by Ameriprise Auto & Home Insurance Company (hereinafter Ameriprise). Her bodily injury policy limits were $100,000 per person and $300,000 per accident. She also carried supplementary uninsured/underinsured motorist insurance (hereinafter SUM) with a policy limit of $50,000 per person and $100,000 per accident. In the section entitled "Conditions," the policy stated that the maximum payment under the SUM endorsement "shall be the difference between [:] a. the SUM limit, and b. the motor vehicle bodily injury liability insurance or bond payments received by the insured or the insured's legal representative, from or on behalf of all persons that may be legally liable for the bodily injury sustained by the insured." Under the same section, the policy stated that the SUM limits payable under the SUM endorsement "shall be [:] a. the SUM limits stated in the declarations; and b. if the bodily injury results in death, we will provide SUM limits of the higher of the SUM limits stated in the declarations, or $50,000 for such bodily injury resulting in death sustained by one person as the result of any one accident and, subject to this per person limit, $100,000 for such bodily injury resulting in death sustained by two or more persons as the result of any one accident."

The vehicle driven by the negligent tortfeasor, which struck the vehicle in which the appellant's daughter was a passenger, had a bodily insurance policy limit of $25,000 per person and $50,000 per accident. Pursuant to Insurance Law § 3420 (f) (1), since a death was involved, the minimum $25,000 per person limit was increased to $50,000. The tortfeasor's insurer tendered $50,000 to the appellant in settlement of the claim of her daughter's estate.

On March 31, 2014, the appellant served Ameriprise with a demand to arbitrate her claim for SUM benefits. Ameriprise then commenced this proceeding to permanently stay arbitration, arguing that the appellant was not entitled to SUM benefits because the difference between the SUM policy limit

for one person ($50,000) and the amount paid by the tortfeasor's insurer (also $50,000) was zero. In opposition, the appellant disagreed with Ameriprise's interpretation of the policy. The appellant argued that the terms of the SUM limits provision of her policy allowed her to recover the original $50,000 SUM limit and, due to her daughter's death, another $50,000, for a total SUM limit of $100,000. The appellant also argued that according to the terms of the policy, a disagreement regarding the amount of SUM coverage to be paid was a matter that must be arbitrated. In the order appealed from, the Supreme Court granted the petition and permanently stayed arbitration.

Based upon the above-referenced provisions of the policy, the Supreme Court properly found that the $50,000 recovered by the appellant from the tortfeasor was equivalent to the maximum SUM limit provided for in the policy. Therefore, the appellant had no possibility of an additional recovery, which rendered her SUM claim academic (*see Matter of Government Empls. Ins. Co. v Terrelonge*, 126 AD3d 792, 793-794 [2015]; *Matter of Unitrin Auto & Home Ins. Co. v Gelbstein*, 109 AD3d 663, 664 [2013]; *Matter of Liberty Mut. Ins. Co. v Walker*, 84 AD3d 960, 961-962 [2011]). The language of the SUM endorsement was not ambiguous and must be enforced (*see Matter of Government Empls. Ins. Co. v Terrelonge*, 126 AD3d at 794; *Matter of Government Empls. Ins. Co. v Avelar*, 108 AD3d 672, 673 [2013]; *Matter of Government Empls. Ins. Co. v Young*, 39 AD3d 751, 752 [2007]).

The appellant's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the petition and permanently stayed arbitration. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.