In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, and BRANDON J. BAKER, Appellant. [68 NYS3d 245]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered June 23, 2016. The order granted the petition for a permanent stay of arbitration.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent was injured in a motor vehicle accident while riding as a passenger in a vehicle driven by Joseph M. Merkley, Jr. The Merkley vehicle was rear-ended by a motor vehicle driven by Kristi L. Bailey and was propelled into oncoming traffic, where it was struck by a vehicle driven by Anna F. Swartsfelder. Respondent, Merkley and Swartsfelder all pursued personal injury claims against Bailey and the owner of the Bailey vehicle. The Bailey vehicle was insured by nonparty carriers with a policy limit of $100,000 per accident, and those carriers offered respondent, Merkley and Swartsfelder the policy limit, to be divided in equal amounts so that each received $33,333.33. When respondent thereafter sought supplemental uninsured motorist (SUM) benefits from petitioner, New York Central Mutual Fire Insurance Company (NYCM), the insurer of the Merkley vehicle, disputed the claim. According to NYCM, it was entitled to aggregate the amounts received by Merkley and respondent from the Bailey vehicle carriers in calculating the offset for the SUM endorsement under its policy, and the amount received from the Bailey vehicle carriers was greater than that SUM limit ($50,000 per accident). Respondent thereafter filed a demand for SUM arbitration under the Merkley policy. We conclude that Supreme Court properly granted NYCM's petition pursuant to CPLR article 75 seeking a permanent stay of arbitration based upon the offset permitting SUM limits to be reduced by the motor vehicle liability payments made on behalf of the tortfeasor. Once the Bailey vehicle carriers tendered the policy limit, the exclusion in the SUM endorsement that limited SUM payments to the difference between the limits of SUM coverage and the insur-

ance payments received by Merkley and respondent from any person legally liable for bodily injuries applied. Inasmuch as NYCM properly offset the $66,666 received by respondent and Merkley from the Bailey vehicle carriers' policies against the SUM limits under the exclusion, respondent was precluded from any recovery under the SUM endorsement (*see* 11 NYCRR 60-2.1 [c]). We therefore conclude that the court properly granted the petition for a permanent stay of arbitration (*see Matter of Government Empls. Ins. Co. v Terrelonge*, 126 AD3d 792, 793-794 [2d Dept 2015]; *Matter of Graphic Arts Mut. Ins. Co. [Dunham]*, 303 AD2d 1038, 1038-1039 [4th Dept 2003], *amended on rearg* 306 AD2d 953 [2003]).

We have considered respondent's remaining arguments and conclude that they are without merit. Present—Peradotto, J.P., Carni, DeJoseph, Curran and Winslow, JJ.