Matter of Farm Family Cas. Ins. Co. v Portillo (2019 NY Slip Op 02869)





Matter of Farm Family Cas. Ins. Co. v Portillo


2019 NY Slip Op 02869


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-10688
 (Index No. 700037/17)

[*1]In the Matter of Farm Family Casualty Insurance Company, respondent, 
v
Walter Portillo, appellant.


Stuart H. Siegel, Merrick, NY, for appellant.
Gorton & Gorton, LLP, Garden City, NY (Thomas P. Gorton of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental uninsured/underinsured motorist benefits, Walter Portillo appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered July 21, 2017. The order and judgment granted the petition and permanently stayed arbitration.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim by the appellant seeking supplemental uninsured/underinsured motorist (hereinafter SUM) benefits following an automobile accident. The appellant and the two other occupants of the same vehicle received a total of $100,000 pursuant to the bodily injury liability provision of the tortfeasor's policy with Allstate Insurance Company (hereinafter Allstate), split equally among the three individuals. The Supreme Court granted the petition and permanently stayed arbitration.
The Supreme Court should not have compared the SUM limit in the petitioner's policy to the bodily injury liability limit in the Allstate policy. Under Insurance Law § 3420(f)(2), an insured's SUM coverage is triggered when the limit of the insured's bodily injury liability coverage is greater than the same coverage in the tortfeasor's policy (see Matter of Prudential Prop. & Cas. Co. v Szeli, 83 NY2d 681, 685). The limit to be used in the comparison is the insured's bodily injury limit, not the limit contained in the insured's SUM endorsement (see id. at 685, n 1). Because the Allstate policy provided bodily injury coverage which was less than the bodily injury coverage provided by the petitioner's policy, which is not in dispute, the SUM provision of the petitioner's policy was triggered (see Matter of Government Empls. Ins. Co. v Lee, 120 AD3d 497; Estate of Shutowich v Allstate Ins. Co., 211 AD2d 747).
Notwithstanding the foregoing, the appellant is not entitled to receive SUM benefits under the facts of this case and pursuant to the terms of the endorsement to the petitioner's policy, which is the standard endorsement set forth in 11 NYCRR 60-2.3(f). The purpose of SUM coverage is to provide the insured with the same level of protection he or she would provide to others were the insured a tortfeasor in a bodily injury accident. SUM coverage does not function as a stand-alone [*2]policy to fully compensate the insureds for their injuries. Condition six of the standard endorsement furthers this policy by setting a maximum SUM benefit limit (see Matter of Government Empls. Ins. Co. v Sherlock, 140 AD3d 872). That condition states that, regardless of the number of insureds, the maximum payment under the SUM endorsement shall be the difference between the SUM limit (in this case $100,000) and the motor vehicle bodily injury liability insurance payments received by the insured from or on behalf of all persons that may be liable for the bodily injury sustained by the insured.
Here, the appellant, together with the other two insureds, received a total of $100,000 under the tortfeasor's Allstate policy. It was proper to offset the total received by all three insureds from Allstate against the SUM limit under the petitioner's policy, thereby precluding any recovery under the SUM endorsement (see Matter of Government Empls. Ins. Co. v Young, 39 AD3d 751; Matter of Graphic Arts Mut. Ins. Co. [Dunham], 303 AD2d 1038, amended on rearg 306 AD2d 953). Although the Supreme Court should have compared the bodily injury liability limits of the two policies before making a determination as to whether the appellant was entitled to SUM benefits, on the record in this case, the appellant is not entitled to receive SUM benefits. Accordingly, we agree with the court's determination to grant the petition to permanently stay arbitration.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court